NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDRALA M. CRENSHAW,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1934

---

Petition for review of the Merit Systems Protection Board in No. CH-844E-18-0316-I-1.

---

Decided:  December 10, 2025

---

KEVIN GRAHAM, Graham Law Group, PC, Liberty, MO, argued for petitioner.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by CLAUDIA BURKE, NELSON KUAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

Andrala M. Crenshaw petitions from a final decision of the Merit Systems Protection Board ("Board") that affirmed the Office of Personnel Management's ("OPM") denial of her application for disability retirement as untimely. S.A. 1–7 (adopting the initial decision, S.A. 8–22, as the Board's final decision).[1] For the reasons below, we affirm.

BACKGROUND

Ms. Crenshaw was employed by the Department of Defense. According to OPM's records, Ms. Crenshaw resigned from her employment on July 27, 2013 (a fact contested by Ms. Crenshaw). S.A. 9, 31, 36. On March 2, 2015, Ms. Crenshaw, through counsel, submitted her application for disability retirement, which stated she "has been separated from her [f]ederal employment for more than 30 days." S.A. 29.

In April 2015, OPM advised Ms. Crenshaw that it was not within its policy "to accept applications for retirement benefits from employees that are still on the agency rolls." S.A. 30. About a year later, OPM sent another letter and informed her that a "[r]eview of the record shows" that she resigned from federal service on July 27, 2013, so her application was filed outside the one-year statutory deadline. S.A. 31. OPM also asked her to submit information necessary for a competency determination that would excuse her otherwise untimely filing. *Id.*; *see also* 5 U.S.C. § 8337(b). Ms. Crenshaw responded stating that (1) she was "significantly hampered" by the information that she received concerning her employment status in OPM's April 2015 letter; (2) reconsideration was warranted given OPM's delay in rectifying its mistake; and (3) her medical condition justified a delay in submitting her application. S.A. 34–35.

In June 2016, OPM dismissed Ms. Crenshaw's application as untimely because she filed her application more than a year after she separated from service, and she failed

---

[1] "S.A." refers to the supplemental appendix included with OPM's responsive brief.

to submit "any medical evidence to show that [she was] incompetent." S.A. 36 (emphasis omitted). Ms. Crenshaw submitted a request for reconsideration, which OPM denied. S.A. 10. She then timely appealed OPM's final reconsideration decision to the Board. S.A. 10–11.

An administrative judge ("AJ") affirmed OPM's reconsideration decision. The AJ found that Ms. Crenshaw "d[id] not present any evidence, nor d[id] the record disclose any information, to rebut OPM's ultimate determination that [she] had been separated from the Department of Defense, by resignation, as of July 27, 2013." S.A. 13. The AJ also found that she "failed to demonstrate, by preponderant evidence, that she was mentally incompetent during the one-year period following her separation from the Department of Defense." *Id.* Ms. Crenshaw petitioned the Board for review. The Board denied her petition and affirmed the AJ's initial decision. S.A. 1–7.

Ms. Crenshaw then timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

We review a Board decision for whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Crenshaw does not challenge the Board's mental-incompetency determination. Pet'r's Br. 8. Instead, she disputes the July 2013 separation date and cites to OPM's April 2015 letter and a 2017 health-insurance-coverage document as evidence that she reasonably believed she did not separate from federal service in July 2013. *Id.* at 6, 8–10. We reject Ms. Crenshaw's argument.

The Board determined that Ms. Crenshaw separated from the agency on July 27, 2013. S.A. 13. In making this determination, it found that Ms. Crenshaw did "not present any evidence, nor d[id] the record disclose any information, to rebut OPM's ultimate determination that" she

separated from federal service in July 2013, "notwithstanding the erroneous information contained in" OPM's April 2015 letter and which OPM subsequently corrected in its 2016 letter. *Id.* The Board thus concluded Ms. Crenshaw's disability-retirement application was untimely because she filed it in 2015—more than one year after she separated from federal service. *Id.*; *see also* 5 U.S.C. § 8337(b) (requiring a disability-retirement application to be filed within one year after separation).

For disability-retirement cases, "[judicial] review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. OPM*, 470 U.S. 768, 791 (1985) (cleaned up). On this record, we conclude that the Board has not committed any such error. Ms. Crenshaw appears to improperly place the burden on OPM to establish the untimeliness of her application. *See, e.g.*, Pet'r's Br. 8 ("OPM and the agency failed to establish the date of separation with certainty."). But it was Ms. Crenshaw's burden, not the Board's (or OPM's), to show that she filed her application for disability retirement within the one-year statutory period. *See* 5 C.F.R. § 1201.56(b)(2)(ii). Ms. Crenshaw insists that her application was timely but does not provide an exact date when she contends she resigned from federal service. Her argument that she was misguided by OPM's April 2015 letter stands in contradiction to her application sent a month prior that stated she had been separated from federal service. Even if we assumed (for argument's sake) that Ms. Crenshaw had relied on the misinformation in OPM's April 2015 letter, that argument is also unpersuasive. *See OPM v. Richmond*, 496 U.S. 414, 415–16 (1990) (holding "payments of money from the Federal Treasury are limited to those authorized by statute" even when erroneous written and oral advice is given by a government employee); *see also Koyen v. OPM*, 973 F.2d 919, 921–22 (Fed. Cir. 1992). And in any event, any purported confusion caused by OPM's April 2015 letter occurred *after* Ms. Crenshaw submitted her application, so OPM's April 2015 letter could

not have had any effect on the timeliness of her submission given she separated in July 2013, as discussed above.

Ms. Crenshaw next argues that a 2017 health-insurance-coverage document serves as evidence that she had not separated from federal service. Pet'r's Br. 9. We also reject that argument. The Board considered this document and found that, "without any further explanation or argument as to how this form contributed to her confusion regarding her separation date or the application filing deadline," there was no "basis to conclude [Ms. Crenshaw] reasonably believed that she was still employed by the agency based on" this document. S.A. 14. We see no reason to disturb the Board's determination.[2]

### CONCLUSION

We have considered Ms. Crenshaw's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### **AFFIRMED**

---

[2]    While neither party attached Ms. Crenshaw's Standard Form 50 ("SF-50") in their respective supplemental appendices, Ms. Crenshaw stated during oral argument that her SF-50 was dated July 27, 2013. Oral Arg. at 14:01–28, No. 24-1934, https://www.cafc.uscourts.gov/oral-arguments/24-1934_12012025.mp3.